[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16053
Non-Argument Calendar
_____

D.C. Docket No. 7:98-cr-00015-HL-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LEWIS A. YOUNG,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 4, 2013)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

On September 7, 1999, Lewis Young pleaded guilty to one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1).  Under the terms of his plea agreement, Young stipulated to having possessed 72.4 grams of crack cocaine.  The presentence investigation report (PSR) concluded that Young was a career offender under United States Sentencing Guidelines § 4B1.1.  Thus, because Young was a career offender, and his offense carried a maximum life sentence, the PSR recommended a base offense level of 37.  See USSG § 4B1.1(A) (Nov. 1998).  After a 3-level reduction for acceptance of responsibility, see id. § 3E1.1, Young's total offense level was 34.  Combined with a criminal history category was VI, see id. § 4B1.1, Young's resulting guidelines range was 262 to 327 months in prison.  Young faced a statutory minimum sentence of 10 years imprisonment.  21 U.S.C. § 841(b)(1)(A)(iii) (1994).

The district court adopted the PSR and sentenced Young to 262 months imprisonment on December 8, 1999.  The district court later reduced Young's sentence to 210 months, pursuant to the government's motion under Federal Rule of Criminal Procedure 35.

In November 2011, Young filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), arguing that Amendment 750 to the Sentencing Guidelines had reduced his guidelines range.  Counsel was appointed, and Young submitted supplemental briefing, adding a claim that the Fair Sentencing Act

2

(FSA) applied retroactively to reduce the mandatory minimum sentence applicable to his case. The district court denied Young's motion, concluding that it lacked authority to reduce Young's sentence because Young was sentenced under the career offender guideline, and because the FSA's statutory penalties were not applicable to defendants like Young, who were sentenced before it went into effect on August 3, 2010. This appeal followed.

The district court properly denied Young's § 3582(c)(2) motion. First, our law is clear that "[w]here a retroactively applicable guideline amendment reduces a defendant's [otherwise applicable] base offense level, but does not alter the [career offender] sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008). Because Young was sentenced as a career offender, we are bound to conclude that Amendment 750 did not lower his guidelines range, and the district court is not authorized to reduce his sentence under § 3582(c)(2). See id.; see also United States v. Glover, 686 F.3d 1203, 1206 (11th Cir. 2012) ("[Section 3582(c)(2)], the Sentencing Commission's corresponding policy statement, and the commentary to that policy statement all make it clear that a

3

court cannot use an amendment to reduce a sentence in a particular case unless that amendment actually lowers the guidelines range in that case.").[1]

Our law is equally clear that Young is not eligible for resentencing on the basis that the FSA lowered the mandatory minimum sentence in his case.  "[T]he FSA is not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress, and thus it does not serve as a basis for a § 3582(c)(2) sentence reduction."  United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012).  Further, Young was convicted and sentenced in 1999, prior to the FSA's effective date, "and the FSA does not apply retroactively."  Id.

For these reasons, the district court's denial of Young's § 3582(c)(2) motion is

**AFFIRMED.**

---

[1]  Young argues that the Supreme Court's decision in Freeman v. United States, 564 U.S. ___, 131 S. Ct. 2685 (2011), abrogated our decision in Moore, but we have already rejected that argument.  See United States v. Lawson, 686 F.3d 1317, 1320–21 (11th Cir. 2012).